# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALLAS SEABOLT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-07-255-JHP |
| CITY OF MUSKOGEE and MARK RIDLEY, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER DENYING MOTION TO
## QUASH AND REQUEST FOR PROTECTIVE ORDER

This is an action pursuant to 42 U.S.C. § 1983. The Plaintiff alleges he was detained beyond the lawful scope of a traffic stop so a canine sniff of his vehicle could be conducted, which resulted in the discovery of incriminating evidence, a conviction for possession of methamphetamine and a two-year period of incarceration before his conviction was reversed by the Oklahoma Court of Criminal Appeals. The Plaintiff sought to compel the production of the prosecutor's file in his state court case (*State of Oklahoma v. Dallas Seabolt*, Case No. CF-2004-179, in the District Court of Muskogee County) by issuing a *subpoena duces tecum* to the Muskogee County District Attorney's Office. The district attorney (who is not a party to this action) responded with a District Attorney's Office Motion to Quash and Request for Protective Order [Docket No. 34], wherein he objects to producing the prosecutor's file because it is confidential under the Oklahoma Open Records Act (the "ORA"). *See* 51 Okla. Stat. §§ 24A.1- 24A.28. The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and an *in camera* review of the

prosecutor's file was ordered. For the reasons set forth herein, the district attorney's Motion to Quash and Request for Protective Order [Docket No. 34] is hereby DENIED.

The district attorney is undoubtedly authorized by the ORA to maintain the confidentiality of the prosecutor's file in Case No. CF-2004-179. *See* 51 Okla. Stat. § 24A.12 ("Except as otherwise provided by state or local law, the Attorney General of the State of Oklahoma and agency attorneys authorized by law, the office of the district attorney of any county of the state, and the office of the municipal attorney of any municipality may keep its litigation files and investigatory reports confidential."). *See also Oklahoma Attorney General Opinion*, 1999 OK AG 58, ¶ 8 ("It is important to note that Section 51 O.S. 24A.12 states that such files 'may' be kept confidential. It is within the discretion of the office involved."). And his decision to do so is not without weight even in this Court. *See, e. g., Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) ("[F]ederal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes."). Nevertheless, inasmuch as the information contained in the prosecutor's file would appear to be relevant to the Plaintiff's claims herein, *see, e. g., Abdell v. City of New York*, 2006 WL 2664313, at *7 (S.D. N.Y. Sept. 14, 2006) ("[C]ourts have regularly held that in cases of alleged police misconduct, plaintiffs have a substantial need to discover statements that the officers made to prosecutors.") [citations omitted], it is subject to discovery unless it is protected by an evidentiary privilege. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense[.]") [emphasis added].

The undersigned Magistrate Judge concludes that the prosecutor's file in Case No. CF-2004-179 is not protected by any evidentiary privilege. The ORA itself distinguishes between matters that are privileged and those that are merely confidential. *See, e. g.,* 51 Okla. Stat. § 24A.5 ("All records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction during regular business hours [except] records specifically required by law to be kept confidential including . . . records protected by a state evidentiary privilege such as the attorney-client privilege, the work product immunity from discovery and the identity of informer privileges [and] records of what transpired during meetings of a public body lawfully closed to the public such as executive sessions authorized under the Oklahoma Open Meeting Act[.]"). In any event, it is federal law that is controlling in this case. *See, e. g., Kelly*, 114 F.R.D. at 655 ("[I]n a civil rights case brought under federal statutes questions of privilege are resolved by federal law.") [citations omitted]. *See also Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997) (recognizing the need to apply federal common law of privilege in a case involving a federal question even where state law may be involved); *Everitt v. Brezzel*, 750 F. Supp. 1063, 1065 (D. Colo. 1990) ("Discovery in the federal courts is governed by federal law as set forth in the Federal Rules of Civil Procedure, whether federal jurisdiction is based on the existence of a federal question or on diversity of citizenship."), *citing Sibbach v. Wilson & Co.*, 312 U.S. 1 (1941) and *Hanna v. Plumer*, 380 U.S. 460 (1965). *See generally* Fed. R. Evid. 501 ("[T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be

interpreted by the courts of the United States in the light of reason and experience."). And the district attorney has presented nothing to suggest that what is merely confidential under state law should be considered privileged under federal law. *See, e. g., Van Emerik v. Chemung County Department of Social Services*, 121 F.R.D. 22, 25 (W.D. N.Y. 1988) ("A non-disclosure or 'confidentiality' provision in a statute may not always create an evidentiary privilege, especially if the legislature did not 'explicitly create an evidentiary privilege.' Merely asserting that a state statute declares that the records in question are 'confidential' does not make out a sufficient claim that the records are 'privileged' within the meaning of Fed. R. Civ. P. 26(b)(1) and Fed. R. Evid. 501."), *quoting American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1339, 1342 (5th Cir. 1981).

Nor has the district attorney presented anything to suggest that the prosecutor's file is otherwise in need of protection. *See, e. g., Hernandez v. Longini*, 1997 WL 754041, at *3 (N.D. Ill. Nov. 13, 1997) ("WSCA asserts that any benefits that Longini may receive from the documents he seeks are outweighed by WCSA's interest in maintaining the confidentiality of its files. However, WSCA provides no specifics as to what confidences may be jeopardized, or what interests of justice may be infringed, by disclosure of these files to Longini. WCSA cannot rely on these conclusory assertions to overcome Longini's proffered need to discover this information[.]"). He is not a party to this action. *See, e. g., Doubleday v. Ruh*, 149 F.R.D. 601, 606 (E.D. Cal. 1993) ("[A] public prosecutor- having completed his investigation . . . is [not] entitled to rely upon the work product doctrine when the fruits of his investigation become relevant to civil litigation to which he is not a party.

The district attorney is not an 'attorney' who represents a 'client' as such.") [quotation omitted]; *Schultz v. Talley*, 152 F.R.D. 181, 184 (W.D. Mo. 1993) (finding the district attorney cannot assert work-product privilege because he is not a party to the present suit); *Hernandez*, 1997 WL 754041, at *2 ("Courts have expressly found the privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit[.]"). Further, there will be no interference with any ongoing investigation, as the proceedings against the Plaintiff in Case No. CF-2004-179 are complete. *See Ostrowski v. Holem*, 2002 WL 31956039, at *4 (N.D. Ill. Jan. 21, 2002) ("[B]ecause the underlying criminal case has been closed . . . there are no concerns with interfering with an ongoing criminal investigation."). Finally, the undersigned Magistrate Judge has reviewed the prosecutor's file, and it contains only information about the Plaintiff and statements from the officers involved in his arrest, *i. e.*, there are no sensitive matters that would justify any protection from disclosure. *See, e. g., Klein v. Jefferson Parish School Board*, 2003 WL 1873909, at * 5 (E.D. La. April 10, 2003) ("[T]he Courts *in camera* review of the notes at issue reveal that the notes do not include anything more than the facts and circumstances of the criminal matter as provided by several witnesses. . . . . [T]he notes [do not] reveal any broad pronouncements that would tend to show how that office's decisions are made or its policies are formulated."). *See also Kelly*, 114 F.R.D. at 662 ("[L]aw enforcement usually will have a much greater interest in preserving the confidentiality of names of citizen informants in on-going criminal investigations than in keeping secret the factual information provided by percipient witnesses to events that are long since past[.]").

In summary, the prosecutor's file in Case No. CF-2004-179 is discoverable by the Plaintiff because it is relevant to his claims herein and it is unprivileged. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"). There is nothing in the file in need of protection from disclosure, so a protective order need not be issued. Consequently, all relief requested in the District Attorney's Office Motion to Quash and Request for Protective Order [Docket No. 34] is hereby DENIED. The district attorney is hereby directed to provide the Plaintiff's attorney with a copy of the prosecutor's file in Case No. CF-2004-179 forthwith.

**IT IS SO ORDERED** this 30th day of July, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**