# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALLAS SEABOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-255-JHP |
| | ) |
| CITY OF MUSKOGEE and | ) |
| MARK RIDLEY, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION REGARDING
## MOTION FOR SUMMARY JUDGMENT BY CITY OF MUSKOGEE

This is an action pursuant to 42 U.S.C. § 1983. The Plaintiff alleges he was detained beyond the lawful scope of a traffic stop so a canine sniff of his vehicle could be conducted, which resulted in the discovery of incriminating evidence, a conviction for possession of methamphetamine and a two-year period of imprisonment before his conviction was reversed by the Oklahoma Court of Criminal Appeals. The Defendant City of Muskogee contends that the Plaintiff's civil rights claims are time-barred and seeks summary judgment thereon. Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Judge referred the Defendant City of Muskogee's Motion for Summary Judgment and Brief in Support [Docket No. 18] to the undersigned United States Magistrate Judge, who now recommends that it be granted in part and denied in part.

### A. Background

On March 3, 2004, the Defendant Mark Ridley, a Muskogee police officer, stopped the Plaintiff for making a left turn without signaling. Ridley noticed that the Plaintiff

appeared nervous and remembered seeing his car earlier in the day at a house suspected for drug activity, but had no other reason to suspect there were drugs in the car. Nevertheless, he radioed for a canine unit to conduct a sniff while he was writing the Plaintiff a warning. The canine unit arrived approximately 25 minutes later (although Ridley now disputes that it took this long), and the dog alerted to the presence of drugs. The officers searched the Plaintiff's car and found a suitcase containing items commonly used to manufacture methamphetamine. The Plaintiff was thereupon arrested and charged with possession of methamphetamine. He challenged the admissibility of the evidence seized from his car but was ultimately convicted and sentenced to prison for 45 years on September 23, 2004. The Plaintiff appealed and the Oklahoma Court of Criminal Appeals reversed his conviction, determining that the incriminating evidence was illegally seized under the Fourth Amendment and should have been suppressed because his detention at a routine traffic stop for 25 minutes was unsupported by a reasonable suspicion of criminal activity. *See Seabolt v. State*, 2006 OK CR 50, ¶¶ 9-11, 152 P.3d 235, 238-39. Noting that there was insufficient evidence remaining to support a conviction, the Court of Criminal Appeals ordered the case against the Plaintiff dismissed on December 15, 2006. The Plaintiff was released after almost three years of incarceration (including pretrial detention) and filed this federal civil rights action against the City and Ridley on August 20, 2007.

**B. Analysis**

The City contends it is entitled to summary judgment because the Plaintiff failed to file this action within Oklahoma's two-year statute of limitations. *See Price v. Philpot,* 420

F.3d 1158, 1162 (10th Cir. 2005) ("In a civil rights action brought under 42 U.S.C. § 1983, we apply the applicable state statute of limitations. In this case, Oklahoma's two-year statute of limitations applies."), *citing Abbitt v. Franklin,* 731 F.2d 661, 663 (10th Cir.1984) ("Under our analysis in *Garcia* [*v. Wilson,* 731 F.2d 640 (10th Cir.1984), *aff'd* 471 U.S. 261 (1985)], the most analogous Oklahoma statute is clearly the two-year limitations period for an injury to the rights of another applied by the district court.") [en banc]. The City argues that any civil rights claim accrued on March 3, 2004 (when the Plaintiff was arrested) and was therefore barred when this action was filed over three years later on August 20, 2007.[1] The Plaintiff, on the other hand, argues that his claim did not accrue until the Court of Criminal Appeals overturned his conviction on December 15, 2006, and that this action was therefore timely when it was filed less than two years after that date.

---

[1] The City also contends it is entitled to summary judgment because the Plaintiff lacks evidence to support municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See, e. g., Board of County Commissioners of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-404 (1997) ("[I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury. . . . [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."). But the Plaintiff has had no opportunity to respond to this contention because it was first raised in the City's reply brief. Summary judgment is therefore inappropriate. *See, e. g., Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."). *See also Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (noting that an argument "first raised . . . in [a] reply brief . . . is waived."), *citing Coleman v. B-G Maintenance Management of Colorado, Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("It is not sufficient to merely mention an issue in a reply brief. Issues not raised in the opening brief are deemed abandoned or waived."), *citing Bowdry v. United Airlines*, 58 F.3d 1483, 1490 (10th Cir. 1995).

The Plaintiff is somewhat vague about the wrongful acts on which his civil rights claim is based but *does* claim he was illegally arrested and convicted in responding to the City's motion for summary judgment.² "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, __ US __ , 127 S. Ct. 1091, 1100 (2007). The record does not reveal exactly when the Plaintiff became detained pursuant to legal process, *e. g.*, "when he appeared before the examining magistrate and was bound over for trial[,]" *id.* at 1097, but this undoubtedly occurred no later than the date of his conviction on

---

² The Plaintiff could presumably complain of detention beyond the proper scope of a traffic stop and of illegal seizure of the incriminating evidence from his vehicle. But a Section 1983 claim based on either of these theories would accrue at the time these allegedly illegal acts occurred. *See Beck v. City of Muskogee Police Department*, 195 F.3d 553, 558 (10th Cir. 1999) ("'Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'"), *quoting Johnson v. Johnson County Commission Board,* 925 F.2d 1299, 1301 (10th Cir.1991). Such claims would therefore have been already barred when this action was filed. The Plaintiff *does* argue that a claim based upon illegal seizure of *all* the incriminating evidence, *e. g.*, incident to an arrest, would necessarily imply the invalidity of any resulting conviction, *see, e. g., Covington v. City of New York,* 171 F.3d 117, 123 (2nd Cir.), *cert. denied,* 528 U.S. 946 (1999) ("[I]n a case where the *only* evidence for conviction was obtained pursuant to an arrest, recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence."), and suggests that *Beck* left open the question whether accrual of such a claim would be deferred until after the conviction had been overturned. *See, e. g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."). But this suggestion is refuted by *Beck* itself. *See* 195 F.3d at 559, n.4 ("Several cases have held that whether a plaintiff's illegal arrest claim is affected by *Heck* depends on whether evidence obtained as a product of the arrest is used at trial. We generally disagree with the holdings in these cases because they run counter to *Heck's* explanation that use of illegally obtained evidence does not, for a variety of reasons, necessarily imply an unlawful conviction. Moreover, we are not faced with the rare situation posited by *Covington* where all evidence was obtained as a result of an illegal arrest.") [internal citations omitted].

September 23, 2004. Thus, to the extent the Plaintiff seeks damages arising out of an illegal arrest, his Section 1983 claim was already barred by the statute of limitations when this action was filed and the City is entitled to summary judgment.[3]

On the other hand, a Section 1983 claim based upon an illegal conviction, *i. e.*, for damages arising out of malicious prosecution, *see, e. g., Mondragon v. Thompson,* 519 F.3d 1078, 1083 (10th Cir. 2008) ("After the institution of legal process, any remaining constitutional claim is analogous to a malicious prosecution claim."), *does not accrue* until the illegal conviction has been overturned. *See Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) ("Thus, a § 1983 claim necessarily challenging the validity of a conviction does not arise until the conviction itself has been invalidated. 'Because the cause of action does not accrue until such time, the applicable statute of limitations does not begin to run until the same time.'") [internal citation omitted], *quoting Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir. 1999), *citing Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been

---

[3] Both parties make reference to the doctrine of equitable tolling but often confuse it with the concept that accrual of a claim may be deferred. Accrual of a claim under Section 1983 is governed by federal law, *see Wallace,* 127 S. Ct. at 1095 ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."), while equitable tolling is governed by state law. *See id.* at 1098-99 ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitation.") [citations omitted]. The Plaintiff has not identified any theory of equitable tolling under Oklahoma law that would save her illegal arrest claim from being time-barred, and the undersigned Magistrate Judge is aware of none. *See id.* at 1099 ("Petitioner has not brought to our attention, nor are we aware of, Illinois cases providing tolling in even remotely comparable circumstances.").

invalidated."). The Plaintiff's conviction was not overturned until December 15, 2006, approximately eight months before this action was filed. Thus, to the extent the Plaintiff seeks damages arising out of an unconstitutional conviction, his Section 1983 claim is not barred by the statute of limitations and the City is not entitled to summary judgment.

### C. Conclusion

In summary, the City is entitled to summary judgment to the extent the Plaintiff seeks damages for illegal arrest. The City is not entitled to summary judgment to the extent the Plaintiff seeks damages for a unconstitutional conviction, *i. e.*, for damages arising out of malicious prosecution. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned United States Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Defendant City of Muskogee's Motion for Summary Judgment and Brief in Support [Docket No. 18] be granted in part and denied in part. If there are any objections to this Report and Recommendation, they must be filed with the Clerk of Court within ten days of service hereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**DATED** this 22nd day of August, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**