IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DALLAS SEABOLT,              )
                             )
     Plaintiff,              )
                             )
v.                           )   No. CIV-07-255-FHS
                             )
CITY OF MUSKOGEE and         )
MARK RIDLEY,                 )
                             )
     Defendants.             )

**OPINION AND ORDER**

Before the Court for its consideration is the Objection (Doc. No. 67) of the Defendant, City of Muskogee ("the City"), to the United States Magistrate Judge's Report and Recommendation (Doc. No. 60) wherein the Magistrate Judge recommended that the City's Motion for Summary Judgment (Doc. No. 18) should be granted to the extent Plaintiff seeks damages for illegal arrest and denied to the extent Plaintiff seeks damages for an unconstitutional conviction, i.e., malicious prosecution. The Court also has before it Plaintiff's Objection (Doc. No. 71) and the Objection (Doc. No. 72) of Defendant, Mark Ridley ("Ridley"), to the Magistrate Judge's Report and Recommendation (Doc. No. 70) wherein the Magistrate Judge recommended (1) Ridley's Motion for Summary Judgment (Doc. No. 44) should be denied because there are disputed facts as to any violation of Plaintiff's constitutional rights by Ridley and as to the availability of the qualified immunity defense to Ridley and (2) Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68) should be granted because all

1

properly asserted claims under 42 U.S.C. § 1983 are barred by the statute of limitations.[1]  For the reasons stated below, the Court sustains the City's Objection (Doc. No. 67), otherwise adopts the Magistrate Judge's Report and Recommendation (Doc. No. 60) as to the City's Motion for Summary Judgment (Doc. No. 18), and adopts and modifies the Magistrate Judge's Report and Recommendation (Doc. No. 70) with respect to Ridley's Motions for Summary Judgment (Doc. Nos. 44 and 68).  The Court finds that Plaintiff's constitutional claims based on illegal arrest, illegal detention, or illegal seizure of evidence are barred by the statute of limitations and that Plaintiff's claim based upon illegal conviction, i.e., malicious prosecution, is subject to dismissal for failure to state a claim upon which relief can be granted.

The essential facts are not in dispute and have been aptly set forth by the Magistrate Judge in his second Report and Recommendation (Doc. No. 70):

> On March 3, 2004, the Defendant, Mark Ridley, a Muskogee police officer, stopped the Plaintiff for making a left turn without signaling. Ridley noticed that the Plaintiff appeared nervous and remembered seeing his car earlier in the day at a house suspected for drug activity, but had no other reason to suspect there were drugs in the car.  The parties disagree as to the length of the traffic stop and exactly how Ridley conducted it.  The Plaintiff claims Ridley called for a canine unit, which took at least twenty-five minutes to arrive, and that during this time, he talked with another officer instead of proceeding with the issuance of a warning.  Ridley denies this and

---

[1] Plaintiff did not respond to Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68).

2

contends that he radioed for a canine unit to conduct a
sniff while he was writing the Plaintiff a warning, and
he was still completing the warning when the canine
unit arrived within a few minutes of being called. In
any event, the dog alerted to the presence of drugs
which prompted the officers to search the Plaintiff's
car and resulted in the discovery of a suitcase
containing items commonly used to manufacture
methamphetamine. The Plaintiff was thereupon arrested
and charged with possession of methamphetamine. He
challenged the admissibility of the evidence seized
from his car but was ultimately convicted and sentenced
to prison for forty-five years on September 23, 2004.
The Plaintiff appealed and the Oklahoma Court of
Criminal Appeals reversed his conviction, determining
that the incriminating evidence was illegally seized
under the Fourth Amendment and should have been
suppressed because his detention at a routine traffic
stop for twenty-five minutes was unsupported by a
reasonable suspicion of criminal activity. *See Seabolt
v. State*, 2006 OK CR 50, ¶¶ 9-11, 152 P.3d 235, 238-39.
Noting there was insufficient evidence remaining to
support a conviction, the Court of Criminal Appeals
ordered the case against the Plaintiff dismissed on
December 15, 2006. The Plaintiff was released after
almost three years of incarceration (including pretrial
detention) and filed this federal civil rights action
against Ridley and the City of Muskogee on August 20,
2007.

On August 22, 2008, the Magistrate Judge filed his Report and

Recommendation (Doc. No. 60) regarding the City's Motion for

Summary Judgment (Doc. No. 18). After noting the lack of clarity

by Plaintiff in asserting his civil rights claims, the Magistrate

Judge concluded that to the extent Plaintiff was seeking damages

under 42 U.S.C. § 1983 for claims arising out of his illegal

arrest, such claims were barred by application of Oklahoma's two-

year statute of limitations.[2]  The Magistrate Judge determined that any action based on illegal arrest accrued, at the latest, on Plaintiff's conviction date of September 23, 2004, and that the filing of this action on August 20, 2007, rendered any constitutional claims arising out of an illegal arrest time-barred.  The Magistrate Judge also concluded, however, that to the extent Plaintiff was seeking damages based on an unconstitutional conviction, i.e., malicious prosecution, such claim was not barred by the statute of limitations as such claim did not accrue until Plaintiff's conviction was overturned on December 15, 2006.  Thus, the Magistrate Judge recommended that the City's Motion for Summary Judgment (Doc. No. 18) be granted in part and denied in part.  On September 22, 2008, the City filed an Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 67).  In that Objection, the City took issue with the Magistrate Judge's denial of summary judgment as to a claim for malicious prosecution.  In essence, the City argued that any claim for malicious prosecution is subject to

---

[2]  It could be argued that the Magistrate Judge's discussion of any claims arising out of an alleged illegal arrest was purely academic given Plaintiff's later statement that "[a]s a threshold, Plaintiff asserts neither false arrest nor false imprisonment applies in this case" and "the only logical claim is a malicious prosecution."  Plaintiff's Objection to Magistrate's Report and Recommendation (Doc. No. 71), pp. 2 and 14.  Moreover, Plaintiff's acknowledgment that such claims arising out of an illegal arrest have not been plead is furthered evidenced by his failure to file any objection to the Magistrate Judge's first Report and Recommendation (Doc. No. 60) wherein the Magistrate Judge recommended summary judgment on such claims based on the statute of limitations.

4

dismissal for failure to state a claim upon which relief can be granted.[3]

On September 24, 2008, the Magistrate Judge filed his Report and Recommendation (Doc. No. 70) with respect to Ridley's Motion for Summary Judgment (Doc. No. 44) and Supplemental Motion for Summary Judgment (Doc. No. 68).  The Magistrate Judge made the following findings: (1) there were disputed issues of fact which precluded summary judgment on the issues of whether Plaintiff's constitutional rights were violated and whether Ridley was entitled to qualified immunity, (2) Plaintiff's claims under section 1983 for illegal detention, illegal arrest, and/or illegal seizure of evidence were barred by the statute of limitations, and (3) Plaintiff had failed to properly plead (and presumably could not prove) a section 1983 claim for malicious prosecution.  Consequently, the Magistrate Judge recommended that Ridley's Motion for Summary Judgment (Doc. No. 44) be denied[4] and that Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68) "should be granted because all Section 1983 claims properly asserted herein are barred by the statute of limitations." Findings and Recommendations (Doc. No. 70), p. 16.

---

[3] In a related argument, the City contends in its Objection that Plaintiff should be precluded from asserting a malicious prosecution claim as it was presented for the first time during the summary judgment phase of these proceedings.

[4] In a footnote, the Magistrate Judge suggested an alternative ruling of denying Ridley's Motion for Summary Judgment (Doc. No. 44) as moot should the Court accept the recommendation of granting Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68) as to all claims.  Report and Recommendation (Doc. No. 70), n. 4.

Having reviewed the two Reports and Recommendations filed by the Magistrate Judge and considered the Objections filed by Plaintiff, the City, and Ridley, the Court concludes this action should be dismissed in its entirety. First, with respect to any claims under section 1983 against the City and Ridley for illegal detention, illegal arrest and/or illegal seizure of evidence, the Court agrees with the findings of the Magistrate Judge that such claims are barred by application of Oklahoma's two-year statute of limitations. See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988)(Oklahoma's two-year statute of limitations applies to § 1983 claims) and Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991)("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.").[5] Second, with respect to Plaintiff's claim under section 1983 against the City and Ridley for malicious prosecution, the Court agrees with the City's Objection and the Magistrate Judge's findings (as to Ridley) that Plaintiff has failed to properly plead a case for malicious prosecution. As noted in the City's Objection and the Magistrate Judge's findings on the asserted malicious prosecution claim, a review of Plaintiff's complaint reveals that Plaintiff has failed to come forward with "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

---

[5] The Court also agrees with the Magistrate Judge's conclusion that the delayed accrual rule under Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) does not operate to save such claims. Report and Recommendation (Doc. No. 60), n. 2.

6

The Complaint is utterly void of any allegations supporting a claim against the City for malicious prosecution. A review of each of the five paragraphs of the Complaint dedicated to outlining the culpability of the City reveals absolutely no articulation of a malicious prosecution claim. To the contrary, the allegations implicate an oversight failure on the part of the City with respect to "drug interdiction," (¶ 18), "traffic stops, [and] drug interdiction duties," (¶ 19), "methods of traffic stops and drug interdiction," (¶ 20), "investigating complaints regarding officer misconduct by the citizenry, including, but not limited to, complaints regarding the way traffic stops involving drugs were operating," (¶ 21), and "exonerating officers regarding complaints of misconduct, including, but not limited to, complaints regarding improper tactics by its officers related to drug interdiction duties," (¶ 22). Such allegations touching on drug interdiction and traffic stops, standing alone, fail to implicate a claim for malicious prosecution against the City. In sum, a fair reading of the Complaint mandates a finding that Plaintiff has simply failed to come forward with enough facts to state a claim for relief for malicious prosecution against the City that is plausible on its face.[6]

---

[6] Even assuming satisfaction of the Twombly plausibility standard as to the City, no section 1983 claim can be pursued against the City based on its oversight, training, or supervision functions with respect to Ridley as the Court concludes hereafter that Plaintiff has failed to state a claim for a constitutional violation against Ridley. See Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir. 1996)(a section 1983 claim against a supervisory authority is properly dismissed where a finding has been made that no constitutional violation has been committed by that authority's employee).

As to Ridley, the Court concurs with the Magistrate Judge's assessment that "[a]bsent allegations (and supporting evidence) of any other wrongdoing by Ridley, such as suppressing exculpatory evidence or providing false information to the prosecutor who filed the charges against the Plaintiff, the Plaintiff has failed to properly plead (and presumably cannot prove) a Section 1983 claim for malicious prosecution in this case." Report and Recommendation (Doc. No. 70), at 13 (citing Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir. 1996) for proposition that "something more than an illegal arrest is required to support a Section 1983 claim for malicious prosecution against a police officer"). The Court does not take issue with the argument raised by Plaintiff in his Objection (Doc. No. 71) to the Magistrate's Report and Recommendation (Doc. No. 70) that he has validly *asserted* a claim for malicious prosecution against Ridley because he "has been imprisoned pursuant to legal but wrongful process, [and thus] has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). But the *assertion* of a malicious prosecution claim after the institution of legal process does not *ipso facto* translate into the satisfaction of the "plausibility" standard under Twombly. Rather, Plaintiff must still come forward with sufficient factual detail to support the claim. In the context of a section 1983 malicious prosecution claim against an individual officer, it has been held that:

> Generally, a police officer cannot be sued for malicious prosecution under § 1983 because the "chain

of causation is broken" between the arrest and actual prosecution. Taylor, 82 F.3d at 1556 (quoting and citing Reed v. City of Chicago, 77 F.2d 1049, 1054 (7th Cir. 1996). However, officers may be liable if they conceal and misrepresent facts to the District Attorney. See Pierce v. Gilchrist, 359 F.3d 1279, 1292 (10th Cir. 2004); Taylor, 82 F.3d at 1563-64 (citing Reed, 77 F.3d at 1054).

Barton v. City and County of Denver, 432 F.Supp.2d 1178, 1207 (D. Colo. 2006). The Tenth Circuit has also noted that a malicious prosecution claim against an individual police officer could exist under circumstances where the officer "somehow caused false or perjured testimony to be presented at the preliminary hearing." Taylor, 82 F.3d at 1563-64.

Plaintiff does not allege that Ridley concealed or made any misrepresentations to the prosecutor in connection with the prosecution of his case. While Plaintiff does allege in the Complaint that Ridley offered "false testimony during Plaintiff's criminal proceedings" there is simply no factual support for this allegation. Plaintiff has never specified what the false testimony was, to whom it was made, or when it was made. The closest Plaintiff comes to articulating any "false" testimony is Ridley's response to a question during the preliminary hearing of the criminal prosecution. When asked by defense counsel "How long did it take for Williams to come?" Ridley responded by stating "I'm not sure, I would say 25 minutes."[7] This response cannot qualify as false or perjured testimony to support a claim

---

[7] "Williams" refers to Muskogee County Deputy Sheriff, Jimmie Williams, who was in charge of the K-9 unit that was called to the scene of the traffic stop by Ridley in order to conduct an open air drug sniff on Plaintiff's vehicle.

9

of malicious prosecution against Ridley. First, it was a qualified answer or estimate made by Ridley. Second, the purported factual content of the elicited response - 25 minutes - is the response Plaintiff relied on, in part, before the Oklahoma Court of Criminal Appeals to support his claim of an underlying constitutional violation in connection with the length of the detention and subsequent search. *Thus, the response did not materially aid in the attainment of a conviction, but rather, it assisted Plaintiff in obtaining a reversal of his conviction.* Consequently, the Court finds Plaintiff has failed to come forward with enough facts to state a claim for relief for malicious prosecution against Ridley that is plausible on its face. The Court therefore grants the City's Objection and modifies the Magistrate Judge's finding and recommendation that Plaintiff's claims for malicious prosecution are subject to summary adjudication. Rather than awarding Defendants summary judgment on Plaintiff's claim for malicious prosecution, the Court finds such claims should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Based on the foregoing reasons, the Court finds as follows: (1) the City's Objection (Doc. No. 67) to the Magistrate Judge's Report and Recommendation (Doc. No. 60) is **sustained** as to Plaintiff's claim for malicious prosecution, (2) the Magistrate Judge's Report and Recommendation (Doc. No. 60) as to the City is otherwise **adopted**, (3) the Magistrate Judge's Report and Recommendation (Doc. No. 70) is **adopted** with respect to the recommendation that Ridley's Motion for Summary Judgment (Doc. No. 44) be **denied as moot** and **adopted** with respect to the

**granting** of Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68) as to Plaintiff's claims for illegal detention, illegal arrest and/or illegal seizure of evidence, and (4) the Magistrate Judge's Report and Recommendation (Doc. No. 70) is **modified** to reflect the dismissal without prejudice of Plaintiff's claim for malicious prosecution against the City and Ridley.

It is therefore ordered that Ridley's Motion for Summary Judgment (Doc. No. 44) be **denied as moot**[8], that the City's Motion for Summary Judgment (Doc. No. 18) and Ridley's Supplemental Motion for Summary Judgment (Doc. No. 68) be **granted** as to Plaintiff's claims under section 1983 for illegal arrest, illegal detention and/or illegal seizure of evidence, and that Plaintiff's claim under section 1983 for malicious prosecution

---

[8] Ridley's Motion for Summary Judgment (Doc. No. 44) is moot for two reasons. First, the motion addresses the occurrence of a constitutional violation and the entitlement to qualified immunity in the context of Ridley's stop, detention, and seizure of Plaintiff. Much is made by Ridley in his motion and his subsequent Objection (Doc. No. 72) about the actual time frame for the duration of the stop and Ridley relies on the Single Detailed Report, or dispatch log, of the Muskogee Police Department in support of his argument that the entire traffic stop took no more than 21 minutes. Issues surrounding the stop and any constitutional violation arising therefrom are moot, however, as the Court has adopted the Magistrate Judge's recommendation that the statute of limitations bars claims arising from Plaintiff's illegal arrest. Second, to the extent Ridley's motion and subsequent Objection address the establishment of a section 1983 claim under the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution, the Court has determined that Plaintiff has failed to satisfy the plausibility standard under Twombly and has therefore failed to state a claim upon which relief can be granted.

against the City and Ridley be **dismissed without prejudice**. As these rulings resolve all pending claims against both the City and Ridley[9], this action is ordered dismissed in its entirety.

It is therefore ordered this 22nd day of October, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[9] No state law tort claims have been asserted by Plaintiff. Although Plaintiff asserts in his Complaint that he has complied with the "procedural administrative requirements" and has timely filed a "Notice of Tort Claim," no specific state law tort claim was asserted in the Complaint, nor has this case proceeded with the understanding that Plaintiff was asserting pendent state law claims.